O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADRIAN MOON, | ) | Case No. CV 12-01514-UA (KK) |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER RE SUMMARY DENIAL OF PLAINTIFF'S POST JUDGMENT EX PARTE EMERGENCY MOTION TO REOPEN THIS CASE |
| MICHAEL JOHNSON, et al., | ) ) | |
| Defendants. | ) ) | |

On April 10, 2015, Plaintiff Adrian Moon, a state prisoner proceeding pro se, filed a Post Judgment Ex Parte Emergency Motion To Reopen This Case ("Motion"). The Motion requests, *inter alia*, that the Court vacate its prior order denying Plaintiff's Request to Proceed Without Prepayment of Filing Fees. For the reasons set forth below, the Court summarily denies Plaintiff's Motion.

///
///
///
///
///
///
///

1

# I.

# **PROCEDURAL SUMMARY**

On February 22, 2012, Plaintiff, proceeding pro se, lodged a Complaint in this Court pursuant to 42 U.S.C. § 1983 against 102 defendants, including 27 California state judges and commissioners, 2 court clerks, and 11 district attorneys. ECF Docket No. ("dkt.") 1-1. The Complaint appeared to arise from the defendants' alleged misconduct in a number of civil and criminal proceedings involving Plaintiff. Id.

Concurrently, Plaintiff filed a Request to Proceed Without Prepayment of Filing Fees. Dkt. 1. On March 8, 2012, the Court denied Plaintiff's Request and closed the case, finding the Complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted" and that it "seeks monetary relief from a defendant immune from such relief." Dkt. 2.

More than three years later, on April 10, 2015, Plaintiff filed the instant Motion. Dkt. 6. In the Motion, Plaintiff requests: (1) that the Court vacate its prior order denying Plaintiff's Request to Proceed Without Prepayment of Filing Fees; (2) the recusal of the U.S. District Judge and the U.S. Magistrate Judge previously assigned to this case[1]; (3) $1 million in sanctions for contempt of court, pursuant to Federal Rule of Civil Procedure 11(a); and (4) oral argument on this matter. Id.

# II.

# **DISCUSSION**

The instant Motion does not specify the applicable Federal Rule of Civil Procedure it has been filed under. Because Plaintiff submitted his Motion after entry of judgment, the Motion could only be presented as: (1) a motion to alter or

---

[1] Plaintiff appears to claim the previously assigned U.S. District Judge and U.S. Magistrate Judge were responsible for his confinement in the Maximum Isolation Facility at the California Correctional Institution. See Mot. at 3.

1  amend judgment pursuant to Rule 59(e); or (2) a motion for relief from judgment
2  pursuant to Rule 60(b).  Here, Plaintiff did not serve his Motion within 28 days
3  after the entry of judgment, as required for motions to alter or amend a judgment
4  under Rule 59(e).  See Fed. R. Civ. P. 59(e).  Accordingly, the Court will construe
5  Plaintiff's Motion as having been brought pursuant to Rule 60(b) of the Federal
6  Rules of Civil Procedure.
7         Federal Rule of Civil Procedure 60(b) states the Court may relieve a party of
8  a final judgment or order for the following reasons: (1) mistake, inadvertence,
9  surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable
10 diligence, could not have been discovered in time to move for a new trial under
11 Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),
12 misrepresentation, or misconduct by an opposing party; (4) if the judgment is void;
13 (5) the judgment has been satisfied, released or discharged, is based on an earlier
14 judgment that has been reversed or vacated, or where applying it prospectively is
15 no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P.
16 60(b).
17        In the instant Motion, Plaintiff does not raise any arguments entitling him to
18 the relief he seeks.  In particular, Plaintiff fails to provide any reason justifying
19 vacating the Court's prior order denying his Request to Proceed Without
20 Prepayment of Filing Fees.  As noted previously, the Court denied the Request
21 because the Complaint was frivolous, failed to state a claim, and sought monetary
22 relief against immune defendants.  See Dkt. 2.  Plaintiff's Motion does not raise
23 any new evidence or facts suggesting the Court should reevaluate its determination
24 and vacate its prior order.  Hence, Plaintiff is not entitled to relief under Rule
25 60(b).
26 ///
27 ///
28

IT THEREFORE IS ORDERED that Plaintiff's Motion be summarily denied, pursuant to Federal Rule of Civil Procedure 60(b).

DATED:     4/28/15

HON. GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

Kenly Kiya Kato
United States Magistrate Judge

4